**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                    Case No.  6:07-cr-191-Orl-19KRS

**DERRICK WILLIAMS**

_____

# ORDER

This case comes before the Court on the following:

1. Motion in Limine by Defendant Derrick Williams (Doc. No. 36, filed Apr. 29, 2008);

2. Memorandum in Response and First Motion in Limine by the United States of America (Doc. No. 41, filed May 1, 2008);

3. Motion in Limine to Exclude Audiotape Evidence by Defendant (Doc. No. 44, filed May 4, 2008); and

4. First Motion to Continue Trial (or, in the Alternative, to Reschedule Trial) by Defendant (Doc. No. 45, filed May 4, 2008).

**Analysis**

**I.     Defendant's Motion at Docket Number 36**

In his First Motion in Limine, Defendant Derrick Williams, charged with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g), moves to exclude any evidence of the death of Brian Williams[1] and also seeks leave to address and refer to witnesses by their first names at trial.

---

[1] Defendant contends that he was justified in possessing a firearm because he had to grab a gun to defend himself against the violent advances of Brian Williams. (Doc. No. 45 at p. 1.) Defendant asserts that Brian Williams was approaching Defendant with a knife, and Defendant was forced to shoot him. (*Id.*) Brian Williams died

(Doc. No. 36.) The Government opposes exclusion of evidence of the death of Brian Williams and the circumstances surrounding such event, both immediately before and after it occurred.

The government is entitled to present a complete picture of a criminal defendant's alleged offense. *United States v. Boston*, 249 F. App'x 807, 809 (11th Cir. 2007); *United States v. Cary*, No. 1:07-cr-74-WSD, 2008 WL 859460, at *4 (N.D. Ga. Mar. 27, 2008) (citing *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)). The Eleventh Circuit Court of Appeals has found that evidence of a defendant's other bad acts is relevant and not unduly prejudicial when such acts are "inextricably intertwined with the evidence regarding the charged offense." *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992); *see also United States v. Wright*, 392 F.3d 1269, 1276-77 (11th Cir. 2004). Evidence that a victim died, even if not tending to prove an element of the charged offense, may be admissible to explain why that witness did not testify. *United States v. Accetturo*, 966 F.2d 631, 637 (11th Cir. 1992); *see also United States v. Taylor*, 122 F.3d 685, 689 (8th Cir. 1997).

Based on the case law and the Rules of Evidence, the Court finds that testimony explaining that Brian Williams died after being shot by Defendant is relevant to the case at hand. Under Federal Rule of Evidence 401, such evidence is probative as it presents a complete picture of the alleged offense and explains why a key witness is not testifying in this case. Furthermore, in applying the balancing test under Federal Rule of Evidence 403, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. *See, e.g.*, *Fortenberry*, 971 F.2d at 721; *Accetturo*, 966 F.2d at 637. Therefore, the Court denies Defendant's Motion to exclude evidence of Brian Williams' death.

---

from this gunshot wound. (*Id.*)

Defendant next moves for leave to address and refer to witnesses by their first names at trial, since many witnesses share the same last name and are related. This request is granted on the condition that both parties cause the witness to state his or her full name on the record prior to referring to such witness by his or her first name.

## II. The Government's Motion at Docket Number 41

In its Motion in Limine, the Government argues that there is no evidence supporting Defendant's theory of justification. (Doc. No. 41 at pp. 7-9.) Therefore, the Government objects to any jury instruction on the justification defense. (*See id.* at p. 9.) Ruling on this objection is premature prior to the presentation of the evidence at trial. Therefore, the Court reserves ruling on the Government's objection until the close of the evidence.

The Government next moves to exclude "any mention of the outcome or decisions made respecting the state's investigation and decisions regarding the legality of the killing." (*Id.* at p. 10.) Though not offering any case law support for its argument, the Government contends that this evidence is: (1) irrelevant; (2) would improperly confuse the issues, mislead the jury, and waste the time of the fact finder; and (3) would constitute improper opinion testimony. (*Id.*)

The Court agrees that evidence regarding the outcome of Defendant's state investigation would improperly confuse the issues and mislead the jury. As the Fourth Circuit Court of Appeals has explained in the context of exclusion of a state court acquittal:

> Rather, [other appellate courts] have concluded that the district courts did not abuse their discretion in excluding evidence of [a state court] acquittal, reasoning that the fact of acquittal on a different charge arising out of the same criminal conduct is simply not relevant to a later trial on another charged crime. A prior acquittal, especially when the elements of the charged crimes are different, does not tend to prove innocence. Additionally, the limited probative value of an acquittal on prior charges relating to the same conduct at issue in a later trial may be substantially outweighed by the danger of unfair prejudice or jury confusion. We are unpersuaded

that the district court abused its discretion in so concluding here.

*United States v. Halteh*, 224 F. App'x 210, 214 (4th Cir. 2007) (internal citations omitted) (also citing cases). The Eleventh Circuit has also found:

> Unlike judgments of conviction, judgments of acquittal are hearsay, are not covered by an exception to the hearsay rule, and are generally inadmissible. Even if otherwise admissible, a district court has broad discretion to exclude evidence of a prior acquittal under Federal Rule of Evidence 403 because its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Therefore, the district court did not abuse its discretion by excluding evidence of [the defendant's] prior acquittal as inadmissible hearsay and as unfairly prejudicial.

*United States v. Carpenter*, 212 F. App'x 853, 856 (11th Cir. 2006) (internal citations and quotation marks omitted).

In the instant case, the state charges against Defendant Williams were nolle prossed. This is a stronger ground for exclusion of such evidence as the charges were brought by a separate jurisdiction, and the charges were not pursued. The reason(s) for not pursuing the charges in the state jurisdiction are no relevant to the issue the jury must determine in the instant case, that is whether the federal Government has proved Defendant guilty of the crime charged beyond a reasonable doubt. Therefore, the Court grants the Government's Motion to exclude evidence of the ultimate outcome of the state's investigation into the shooting death of Brian Williams.[2]

Finally, the Government moves to exclude evidence of the character of Brian Williams. (Doc. No. 41 at pp. 11-12.) Specifically, the Government argues that: (1) if Defendant introduces evidence of Brian Williams' character, then the Government may introduce evidence of Defendant's

---

[2] This ruling is limited to the ultimate outcome of the state investigation and does not exclude parties from impeaching witnesses based on prior inconsistent statements in the state investigation.

character; (2) Brian Williams is not properly considered a "victim" in this case since there is no specific victim in a felon in possession offense; and (3) if Defendant is permitted to introduce such character evidence, it should be limited to reputation or opinion testimony only. (*Id.*)

This evidence must be excluded because its potential to mislead the jury and confuse the issues substantially outweighs its probative value under Rule 403. Since Defendant's subjective, reasonable belief is not an element of , nor relevant to, the justification defense, evidence of the aggressive character of Brian Williams is not probative to the defense. *See United States v. Pollock*, 230 F. App'x 917, 919 (11th Cir. 2007) ("the pattern jury instruction does not allow for the consideration of the defendant's subjective reasonable belief that he was under an unlawful and present, imminent, and impending threat of death or serious bodily injury"). The introduction of such evidence at trial is highly likely to mislead the jury or confuse the issues.[3]  Therefore, the Court grants the Government's Motion to exclude evidence of the character of Brian Williams.[4]

## III.   Defendant's Motion to Exclude Audiotape and for Evidentiary Hearing

Defense Counsel asserts that he received on Friday, May 2, 2008, notice of the Government's intent to use a particular audiotape evidence at trial which is scheduled to begin on Tuesday, May

---

[3]   As Judge Keeley of the Northern District of West Virginia explained, unlike self defense, the justification defense does not include a "state of mind" requirement of reasonable belief. *United States v. Izac*, No. 3:02-cr-58, 2006 WL 1004837, at \*\*2-3 (N.D. W. Va. Apr. 17, 2006). Thus, "The defendant's perception of this threat is irrelevant; the jury must determine whether such imminent threat of death or serious bodily injury actually existed at the time the defendant possessed the firearm." *Id.* at \*2. Judge Keeley therefore excluded evidence of the victim's prior aggressive behavior. *Id.* at \*3.

[4]   Since the Court excludes this evidence, it need not consider the admissibility of the Government's evidence of Defendant's character. Such evidence would only be admissible if evidence of the victim's character were admitted or Defendant introduced evidence of his own character. *See* Fed. R. Evid. 404(a)(1).

6, 2008. (Doc. No. 44 at p. 1.) This audiotape is allegedly a call from Defendant while he was in jail to his brother. (*Id.*) According to defense counsel, the Government faxed a summary of the phone call on Saturday, May 3, and sent over a prepared transcript on Sunday, May 4. (*Id.*) Defendant moves to exclude these tapes and any accompanying transcripts on the basis of "inaudibility, inaccuracy, incompleteness, and untrustworthiness." (*Id.* at p. 2.) Defendant also moves the Court to review the tapes for admissibility and conduct a Rule 403 analysis prior to trial. (*Id.*) The Court reserves ruling on this matter and will hear argument and any necessary evidence on Defendant's Motion at Docket Number 44 prior to or during trial commencing on Tuesday, May 6, 2008.

### IV.     Defendant's Motion to Continue Trial

Defendant moves the Court to continue or reschedule trial so that the defense may "interview, subpoena, and call to trial several potential witnesses who ostensibly would testify and establish the reputation of the deceased, Brian Williams, for his temperament, disposition, and character prone to violence." (Doc. No. 45 at p. 2.) The Court has previously ruled that such evidence is inadmissible. *See* Section III, *supra*. Since this is the sole basis of Defendant's Motion for a continuance, the Motion is denied.

### Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED**:

1. The Motion in Limine by Defendant Derrick Williams is **GRANTED IN PART AND DENIED IN PART** (Doc. No. 36, filed Apr. 29, 2008). Defendant's Motion to exclude evidence of the death of Brian Williams is **DENIED**, and his Motion to refer to witnesses by their first names is **GRANTED** subject to the condition that

such witnesses are first identified in the record by their full names.

2. The First Motion in Limine by the United States of America is **GRANTED IN PART AND RULING IS RESERVED IN PART** (Doc. No. 41, filed May 1, 2008). The Court **GRANTS** the Government's Motion to exclude evidence of the outcome of the state investigation and evidence of the character of Brian Williams. The Court **RESERVES RULING** on the Government's objection to a jury instruction on the justification defense.

3. The Court **RESERVES RULING** on the Motion in Limine to Exclude Audiotape Evidence by Defendant (Doc. No. 44, filed May 4, 2008).

4. The Court **DENIES** the First Motion to Continue Trial (or, in the Alternative, to Reschedule Trial) by Defendant (Doc. No. 45, filed May 4, 2008).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 5 , 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record